# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

SCOTT B. FOSTER,

          Appellant,

        v.

DEPARTMENT OF THE INTERIOR,

          Agency.

DOCKET NUMBER
SF-0752-14-0589-I-1

DATE: August 19, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Michael P. Balaban, Esquire, Las Vegas, Nevada, for the appellant.

Shari C. Mauney, Esquire, Phoenix, Arizona, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed his demotion. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R.§ 1201.117(c).

judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R.§ 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R.§ 1201.113(b).

## BACKGROUND

¶2 The agency demoted the appellant from his position as a Supervisory Civil Engineer, GS-13, to that of a Civil Engineer, GS-12, on based on three charges: (1) failure to follow instructions; (2) unauthorized purchases; and (3) inappropriate conduct. Initial Appeal File (IAF), Tab 4 at 10-14, 208‑13. The administrative judge found jurisdiction over the appeal and, after holding a hearing, affirmed the agency's action. Initial Appeal File (IAF), Tab 15, Initial Decision (ID).

¶3 In his initial decision, the administrative judge sustained the two specifications under the charge of failure to follow instructions. ID at 2-5; IAF, Tab 4 at 208‑09. He rejected the appellant's argument that the instructions at issue in the first specification were insufficiently clear, instead finding that the February 14, 2013 email message transmitting those instructions, combined with contemporaneous verbal reinforcement from the appellant's supervisor, established by preponderant evidence that the appellant both received and understood the instruction that he was not to permit one of his subordinates to purchase items using his Government credit card without prior approval. ID at 4‑5. As to the second specification, the administrative judge found that the

agency similarly established that the appellant failed to follow an instruction to forward the invitation to a meeting he had with officials in another agency component concerning a potential detail position to their office.  ID at 5.

¶4        On the unauthorized purchases charge, the administrative judge found that, regardless of the appellant's explanations and justifications for doing so, the record reflected that he had not received specific approval for the emergency medical technician (EMT) or scuba expenditures set forth in the two specifications even though he understood that such advance approval was required.  The administrative judge sustained both specifications on that basis.  ID at 6-7; IAF, Tab 4 at 209-10.  With respect to the inappropriate conduct charge, the administrative judge cited both the appellant's acknowledgment that he made the statements set forth in the agency's proposal, along with the consistent testimony of the other two individuals involved in the incident as to his demeanor when making those statements, to sustain the remaining two specifications and find that the agency established the charge.  ID at 2 n.1, 7-8; IAF, Tab 4 at 210-11.

¶5        The administrative judge also found that the agency established a nexus between the sustained misconduct and the efficiency of the service, and he determined that the penalty was reasonable.  ID at 9-10.

¶6        The appellant filed a timely petition for review of the initial decision.  Petition for Review (PFR) File, Tab 1.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶7        To prove a charge of failure to follow instructions, an agency must establish that the employee:  (1) was given proper instructions; and (2) failed to follow the instructions, regardless of the employee's intent.  *E.g.*, *Powell v. U.S. Postal Service*, 122 M.S.P.R. 60, ¶ 5 (2014).  Even where there is substantial reason to believe that an order is improper, an employee first must obey the order and then challenge its validity, except in "extreme or unusual circumstances" in which he

would be placed in a clearly dangerous situation or which would cause him irreparable harm. *Pedeleose v. Department of Defense*, [110 M.S.P.R. 508](#), ¶¶ 16‑17, *aff'd*, 343 F. App'x 605 (Fed. Cir. 2009). This rule reflects the fundamental management right to expect that its decisions will be obeyed and its instructions carried out. *Id.*, ¶ 16. Exceptions to the rule are not based on the correctness of the employee's objections to the order but instead apply in situations in which there could be a significant adverse impact on him from cooperation with an order that might be improper. *Id.*, ¶ 18. None of these exceptions apply in this matter, however, as the appellant did not contest the propriety of either of the instructions at issue in this appeal.

¶8        Concerning the first specification of failure to follow instructions, the appellant contends on review that his supervisor's February 2013 instruction was unclear, and he claims that, after an October 2013 email which made the instruction more clear, he followed it. PFR File, Tab 1. Although he asserts that the agency failed to provide the February email as evidence, the appellant cites his reply to it, which is not only a part of the record, but also contains the text of the email in question. *Id.* at 4; IAF, Tab 5 at 6. Importantly, the appellant's reply to that email indicates not only that he understood the instruction that his subordinate was not to use his Government credit card, but also indicates his explicit agreement to follow the instruction. IAF, Tab 5 at 6. Moreover, in a colloquy with the administrative judge at the end of the hearing, the appellant testified that his supervisor verbally followed up with him soon after the February 2013 email. IAF, Tab 11, Hearing Compact Disc (HCD). Contrasting this evidence with the appellant's assertion in his post‑hearing statement that he was "not aware for certain" that his subordinate was not allowed to use his Government credit card without permission, IAF, Tab 14 at 6, we agree with the administrative judge that, under these circumstances, the appellant "fully understood that he needed such approval, yet went ahead with the charges

anyway," ID at 6-7. The appellant provides new evidence with his petition for review, a screen shot of his email inbox sorted to show emails sent to him from the agency officials involved in this matter. PFR File, Tab 1 at 9. Under 5 C.F.R.§ 1201.115, the Board will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). The appellant makes no such showing, and, in any event, the evidence fails to make the point that the appellant seeks to establish, i.e., that he did not receive the instruction for his subordinate not to use his Government credit card until October 2, 2013. PFR File, Tab 1 at 4-5, 9. Thus, we agree with the administrative judge's finding that the appellant received a proper instruction and he did not follow it.

¶9 Regarding the second specification under the first charge, the appellant argues that he could not have followed this instruction because it was not possible for him to have forwarded the invitation to the meeting as instructed because someone else created it and that, regardless of his actions, the individual who had instructed him to do so would not have been able to attend the meeting involved anyway. PFR File, Tab 1 at 5. Again, the appellant did not contest the propriety of this instruction, and he explicitly acknowledged that he failed to follow it. ID at 5. Further, even if it were not possible for the appellant to forward the invitation electronically, he could have simply printed the invitation to the meeting and handed it to the individual who requested it. Whether that individual was available to attend the meeting is not pertinent to the analysis. Thus, we agree with the administrative judge's determination to sustain this specification and the charge. ID at 5.

¶10 As for the unauthorized purchases charge, the appellant claims that the initial decision misidentifies the actual credit card on which the alleged unauthorized charges were made as an Engineering Services Office credit card rather than the employee's own Government credit card. PFR File, Tab 1 at 5-6;

ID at 5-6. He further argues that his supervisor knew of the purchases of training and supplies for EMT (specification 1) and scuba (specification 2) operations in advance but did not object to them. *Id.* He also reiterates his arguments from below that the expenditures were justified. PFR File, Tab 1 at 6. The administrative judge found that, regardless of the appellant's justifications for making the purchases at issue, the record reflected that he failed to get approval before allowing his subordinate to use his Government credit card as instructed, and he sustained the charge. ID at 5-7. The appellant provides what appears to be new evidence, two email messages dated after the close of the record below commending his subordinate for using his EMT skills to assist a colleague injured at a remote site. PFR File, Tab 1 at 10-14. Nevertheless, even if the expenditures were arguably laudable, the fact remains that they were not authorized. Because we agree that the instruction for the appellant to get prior approval for the expenditures involved was proper and that he understood it, and in light of his admission that he did not do so with these two expenditures, we agree that the agency established this charge.

¶11    As to the inappropriate conduct charge, the appellant contrasts statements in the record attesting to his character with the contrary description set forth in the specifications for this charge, and he claims that he had witnesses who were to testify as to his demeanor. *Id.* at 6; IAF, Tab 4 at 66-69, 210-11. As discussed below, our review of the hearing CD reflects that the appellant did not seek to call these witnesses at the hearing. The administrative judge determined that the agency proved its first two specifications of inappropriate conduct,[2] finding that the credible hearing testimony of the other two individuals involved in the meeting at issue was consistent with the agency's specifications. ID at 7-8; IAF, Tab 4 at 210-11. Considering the administrative judge's finding that the appellant's testimony "basically acknowledged that he made the statements

---

[2] At the hearing, the agency withdrew the third specification of the third charge. ID at 8 n.2.

attributed to him in these specifications" in response to what he perceived as agency officials' attempt to make him "squirm," we agree that the agency established its charge. ID at 8. The administrative judge also found that the agency established a nexus between the sustained misconduct and the efficiency of the service, that the deciding official considered the relevant *Douglas* factors, and that the penalty was within the tolerable bounds of reasonableness. ID at 9‑10; *see Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981) (providing a nonexhaustive list of factors relevant to determining the appropriateness of a penalty for misconduct).

¶12    The appellant argues on review that his office is being investigated for corruption and implies that the agency demoted him because of questions he raised about money that was intended but not used for bridge inspections, rather than for the charged misconduct. PFR File, Tab 1 at 6-7. With his petition for review, he provides a copy of several newspaper stories concerning a Federal criminal investigation of alleged financial misconduct in his agency and a memorandum from the agency's commissioner regarding the agency's ethical culture in light of those allegations, all of which date from after the close of the record below. *Id.* at 15-18. The appellant bases his argument here in part on documents already in the record and partly on events occurring after the hearing, *id.* at 7, but he did not make this argument below, nor did he indicate in his initial appeal that he had filed a whistleblowing complaint with the Office of Special Counsel, IAF, Tab 1.

¶13    The Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). Even though some of the appellant's evidence dates from after the close of the record and is therefore new, it is not material because he admits that he does not know how the money involved was spent. PFR File, Tab 1 at 7. Importantly, the documents that he

proffers on review show no motive for the agency officials involved in this matter to engage in reprisal against him.

¶14    The appellant also challenges the penalty as too severe, and he contrasts the "fully superior" performance rating given him by his supervisor in January 2013 and a June 2013 cash award with hearing testimony indicating that he was reckless and displayed poor judgment. *Id.* at 7-8. However, the appellant's successful performance rating and awards do not preclude him from having committed the misconduct found in this matter. Moreover, as the administrative judge found, the record reflects that the deciding official considered the relevant *Douglas* factors in making his determination. We note, for instance, the indifference toward established processes and disregard for instructions along with the lack of potential for rehabilitation that the deciding official found are significant aggravating factors, particularly in light of the appellant's status as a supervisor. *Hill v. Department of the Army*, 120 M.S.P.R. 340, ¶ 15 (2013) (observing that it is appropriate for agencies to hold supervisors to a higher standard of conduct than nonsupervisory employees).

¶15    The appellant also argues that the administrative judge allowed the agency to present its case first, which did not leave him enough time to call all of his witnesses, particularly those who would have corroborated his testimony. PFR File, Tab 1 at 4. However, our review of the hearing CD does not reveal that the appellant objected to any of the administrative judge's rulings as to witnesses nor does it appear that the appellant unsuccessfully sought to call any further witnesses at the hearing. The appellant's failure to timely object to rulings on witnesses precludes his doing so on petition for review. *Tarpley v. U.S. Postal Service*, 37 M.S.P.R. 579, 581 (1988).

¶16    The appellant notes that the Board's e-Appeal Repository incorrectly labeled part of one of his submissions as part of the agency's response and that the initial decision erroneously identifies an individual as his supervisor. PFR File, Tab 1 at 4-5. Regardless, there is no evidence that any such error affected

the administrative judge's decision. An adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision. *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984). The appellant also claims that the administrative judge failed to address all of his evidence. PFR File, Tab 1 at 5. However, the administrative judge's failure to mention all of the evidence of record does not mean that he did not consider it in reaching his decision. *Marques v. Department of Health & Human Services*, 22 M.S.P.R. 129, 132 (1984), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table).

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C.§ 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C.§ 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance

is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's <u>Rules of Practice</u>, and <u>Forms</u> 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: 　　　　　　　　_____
　　　　　　　　　　　　　　　　　Jennifer Everling
　　　　　　　　　　　　　　　　　Acting Clerk of the Board

Washington, D.C.